## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CASE NO. 1:15-CR-040** |
| : | |
| : | |
| **v.** : | |
| : | |
| **ERIC BRUNDAGE** : | |

### PRELIMINARY ORDER OF FORFEITURE

On December 16, 2015, the Grand Jury for the Southern District of Ohio returned a Superseding Indictment (Doc. 25) alleging that the defendant had violated 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C), among other violations. The Superseding Indictment contained notice to the defendant that the United States would seek the forfeiture of certain property. The United States has identified the following property for forfeiture (the "subject property"):

> any firearms and ammunition involved in the commission of the offense, including
>
> but not limited to, a loaded EAA, model Witness, 9mm, serial number EA58554.

On April 29, 2016, the defendant entered into an Amended Plea Agreement (Doc. 40) with the United States in which he agreed to plead guilty to Count 2 of the Superseding Indictment and to forfeit the subject property to the United States. Eric Brundage entered a plea of guilty to Count 2 of the Superseding Indictment on July 11, 2016.

Therefore, pursuant to Fed. R. Crim. P. 32.2,

IT IS ORDERED that all right, title, and interest in the subject property is condemned and forfeited to the United States pursuant to 21 U.S.C. § 853(a).

IT IS FURTHER ORDERED that the United States shall publish notice, pursuant to Fed. R. Crim. P. 32.2(b)(6), of this Order and of its intent to dispose of the subject property and send notice to any person who reasonably appears to be a potential petitioner with standing to contest

the forfeiture in an ancillary proceeding. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv). The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v).

IT IS FURTHER ORDERED that pursuant to 21 U.S.C. § 853(n)(2), any person, other than the defendant, asserting a legal interest in the subject property, who wishes to contest the forfeiture of the subject property must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, file a petition in the United States District Court for the Southern District of Ohio for a hearing to adjudicate the validity of the alleged legal interest in the subject property. Any petition filed by a third party shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

IT IS FURTHER ORDERED that pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), the United States shall seize the subject property, whether held by the defendant or a third party; conduct whatever discovery is necessary to identify, locate or dispose of the property; and commence proceedings that comply with any statutes governing third-party rights.

3

IT IS FURTHER ORDERED that pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture shall become final as to the defendant at sentencing and shall be made part of the sentence and included in the judgment.

Sandra S. Beckwith, Senior Judge
UNITED STATES DISTRICT COURT