# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:15-cr-40 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| ERIC BRUNDAGE, | : | |
| Defendant. | : | |

### ORDER GRANTING DEFENDANT'S MOTION REQUESTING EARLY TERMINATION OF SUPERVISED RELEASE (Doc. 49)

This matter is before the Court on Defendant Eric Brundage's Motion for Early Termination of his Supervised Release. (Doc. 49). The Government did not file a response. For the reasons set forth below, the Court GRANTS Defendant's Motion.

## FACTUAL BACKGROUND

Mr. Brundage requests early termination of his three-year period of supervised release. In support of his motion, he highlights that he had good behavior while incarcerated: he did not receive any write-ups, participated in multiple programs, and attended religious services. (Motion, Doc. 49, Pg. ID 120.) He also notes that, while in a halfway house, he took jobs rehabbing houses, which ultimately led him to start his own business. (*Id.*) He also participates in the Positive Influence Team and mentors at-risk youth through his business. (*Id.*) He indicates that he remains committed to continuing his progress because he has a six-year-old son—who was three months old when he went to prison. (*Id.*) Mr. Brundage further represents that he has satisfied his probation

officer's requirements and has not had a single infraction. In further support of his Motion, Mr. Brundage offered a letter of recommendation from the Executive Director of the Positive Influence Team in support of his motion. (*See id.* at Pg. ID 121-22.) According to his filing in March, he had served 21 of his 36-month supervised release sentence. (*Id.* at Pg. ID 120.)

The Government did not oppose or otherwise respond to Mr. Brundage's motion. Presumably, then, the Government has no objection.

## LAW AND ANALYSIS

The decision of whether to terminate an individual's term of supervised release before it expires, under 18 U.S.C. § 3583(e), is discretionary. *United States v. Suber*, 75 F. App'x 442, 443 (6th Cir. 2003). Section 3583(e) governs modifications of conditions or revocation of supervised release. A district court may, after consideration of various factors set forth in § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Applying this analysis, the Court concludes that Mr. Brundage satisfies the requisite standard. First, Mr. Brundage satisfies the one-year requirement. He has been under supervision for more than two years. Second, application of the factors in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) favors early termination of Mr. Brundage's supervised release. Although the nature and circumstances of the crime were serious, his history and characteristics since receiving

the sentence do not reveal any lapses into criminal conduct. He received no infractions while either incarcerated or since his release. Furthermore, it appears that both his incarceration and supervised release since then have provided adequate deterrence and protection to the public. Also, early termination will facilitate his continued progress, which has been proceeding well as shown by self-employment, involvement in the community, and accountability for his past. Moreover, he is on the tail-end of his supervised release term, having already served the bulk of his supervised release period. The Court finds that requiring Mr. Brundage to serve out the remainder of his supervised release term would not advance the § 3553 factors any more than his early release would.

Lastly, Mr. Brundage's conduct and the interests of justice warrant early termination of his supervised release. The Court cannot identify, nor did the Government point out, any conduct on Mr. Brundage's part that would preclude early termination. It appears that Mr. Brundage has taken his rehabilitation seriously and has been successfully moving forward in his life. Rewarding this positive behavior through early release from supervised release serves the interest of justice.

## CONCLUSION

For the reasons above, the Court **GRANTS** Mr. Brundage's Motion Requesting Early Termination of his supervised release (Doc. 49). Mr. Brundage's supervision shall be terminated, and he shall be discharged from that supervision immediately.

**IT IS SO ORDERED.**

                                               UNITED STATES DISTRICT COURT
                                               SOUTHERN DISTRICT OF OHIO

                                               By: _____
                                               JUDGE MATTHEW W. McFARLAND